## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JERRY L. CUMMINGS,**
                     Plaintiff,

                                     **Case No.: 21**
                                     **Hon.:**

-vs.-

**CITY OF FLINT,**
**FLINT POLICE**
**DEPARTMENT,**
**SERGEANT DOUGLAS**
**SANTIAGO,**
**Jointly and Severally,**
                     Defendants.

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**By: JERARD M. SCANLAND**
**(P74992)**
Attorney for Plaintiff
13351 Reeck Court, Ste. 5
Southgate, MI 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

**Jerard M. Scanland**

**Attorney At Law**

**COMES NOW THE** Plaintiff, **JERRY L. CUMMINGS,** by and through his attorneys, MUSSIN & SCANLAND, PLLC and by his respective attorney Jerard M. Scanland, complains against the above-named Defendants, as follows:

## JURISDICTION AND VENUE

1)     Plaintiff, JERRY CUMMINGS is a resident of the City of Flint, Genesee County, Michigan.

2)     Defendant, the City of Flint is a municipality in the State of Michigan, County of Genessee, City of Flint, with its principal offices located in the City of Flint, Genesee County, Michigan.

3)     Defendant, Flint Police Department is a public entity/governmental agency and corporation under authority and/or charter from the City of Flint, to, among the many duties charged, uphold and enforce the laws of the State of Michigan, and laws and ordinances of the City of Flint and is located in the City of Flint, County of Wayne, State of Michigan.

4)     Defendant Sergeant Douglas Santiago is a police officer/detective, employed by the City of Flint and City of Flint Police Department, with his

principal place of business being in the City of Flint, County of Wayne, State of Michigan.

5) This Court has Jurisdiction pursuant to Mich Const. Art1, §11, MCL 440.2716, False Imprisonment, False Arrest, Trespass, Harassment, Intentional Infliction of Emotional Distress, and U.S. Const. Amend. IV, 42 USC §1983, 28 USC §1331, 28 USC §1343(3) and (4), 28 USC§1367.

## **GENERAL ALLEGATIONS**

6) Plaintiff incorporates and restates the preceding paragraphs as if more fully stated herein.

7) This matter arises from violations of Jerry Cummings rights on June 19, 2018.

8. The Defendant Sergeant Douglas Santiago caused a criminal process to be initiated against the Plaintiff.

9. As a result of the criminal proceedings being initiated against the Plaintiff, the Plaintiff was convicted. The conviction was subsequently overturned on Appeal on October 13, 2020.

10. A three-year statute of limitations applies to a personal injury action in Michigan alleging a 1983 claim. According to *Peterson Novelties, Inc. v City of*

*Berkley,* 259 Mich.App 1, 15; 672 NW2d 351 (2003), a claim does not begin to accrue until the conviction is vacated. It is well established that § 1983 claims based on malicious prosecution, the statute of limitations does not begin to run until the underlying criminal action is terminated in favor of the accrued. Here, the matter was not terminated in Jerry Cummings favor until October 13, 2020.

11.    Defendant Sergeant Douglas Santiago placed false information on the record with the Court, which caused criminal charges to be filed against Jerry Lee **Cummings**.

12.    The Defendant Sergeant Douglas Santiago claimed the Plaintiff assaulted and battered one Tiffany Williams.

13.    The Defendant Sergeant Douglas Santiago failed to investigate the allegations regarding Plaintiff's alleged assault and battery on Tiffany Williams.

14.    On or about June 19, 2018, Defendant Sergeant Douglas Santiago went before a district court judge and asserted under oath that Plaintiff had committed an assault and battery upon one Tiffany Williams.

15.    The Defendant Sergeant Douglas Santiago made the statements without knowledge there was any evidence to support the allegations and without performing an investigation regarding the allegations.

16.     The Defendant, the Flint Police Department has
subjected Plaintiff to a deprivation of clearly established constitutionally protected
rights and privileges secured by the Constitution of United States.

17.     The Defendant Sergeant Douglas Santiago knowingly, willingly, and
with the intent to deceive caused a criminal complaint to be filed against Jerry Lee
Cummings without proper evidentiary support

18.     The Defendant Sergeant Douglas Santiago knew on the date the
complaint was filed, that he did not have proper evidentiary support to make said
complaint.

19.     The actions of the Defendants, jointly and severally, were both
intentional and designed to intimidate and harass Jerry Lee Cummings in violation
of his civil rights.

20.    Jerry Lee Cummings has suffered economic damages, non-economic damages, embarrassment, humiliation, mental distress, loss of his civil liberties, and severe emotional stress among other damages.

21.    The Defendants acted willingly, knowingly, and intentionally in falsely asserting the Plaintiff committed an assault and battery upon one Tiffany Williams.

22.    Plaintiff seeks damages in excess of $25,000 and/or equitable relief, and this cause is otherwise within the jurisdiction and venue of this Court.

## COUNT I
## VIOLATION Of 42 U.S.C. §1983

23.    Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

24.    As stated and incorporated herein via the General Allegations, Defendants' deprived Plaintiff of his federal constitutional and/or statutory rights by falsely stating under oath the Plaintiff committed an assault and battery upon one Tiffany Williams, which in turn caused Plaintiff, Jerry Lee Cummings to be subjected to the criminal process.

25.    Defendants and other unknown officers/detectives, acted under color of state law when the Defendants deprived Plaintiff of his federal rights, property interests and otherwise subjected the Plaintiff Jerry Lee Cummings to the criminal

process after falsely stating under oath the Plaintiff Jerry Lee Cummings committed an assault and battery on one Tiffany Williams.

26.     As a direct and proximate result of Defendants actions in violation of 42 USC §1983, Plaintiff has sustained injuries and damages as outlined in this Complaint.

WHEREFORE, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

a.     Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled.

b.     Compensatory damages against all defendants to which Plaintiff is entitled.

c.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled

d.     An award of interest, costs, and reasonable Attorney fees

e.     Such other relief as this Honorable Court deems proper and just.

## COUNT-II
## MONELL CLAIM AGAINST THE CITY OF FLINT AND THE FLINT POLICE DEPARTMENT

27.     Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

28.     Plaintiff has been subjected to a deprivation of clearly established

constitutionally protected rights and privileges secured by the Constitution of

United States, including:

     a.    His Fourteenth Amendment rights as described above; and

     b.    His Fourth Amendment rights as described in above.

     29. The foregoing rights were clearly established

at the time of the violations.

     30.    The deprivations were caused by the customs, policies, and

established practices of the City of Flint and the Flint Police Department, acting

under color of its statutory and legal authority, including without limitation:

     a.    Failing to train the Flint Police Department officers regarding how to properly investigate a crime and ensure there is proper evidentiary support prior to filing and/or requesting a complaint be filed.

     31. Defendant Sergeant Douglas Santiago was a state actor acting under the

color of law.

     32.    The City of Flint and the Flint Police Department showed a deliberate

indifference to Plaintiff's constitutional rights subjected him to violations of his

Fourth and Fourteenth Amendment rights by failing to train the Flint Police

Department officers regarding how to properly investigate a crime and ensure

there is proper evidentiary support prior to filing and/or requesting a complaint be

filed.

     33.  The foregoing violations caused substantial damages to Plaintiff as

alleged herein, including without limitation, severe and permanent psychological damages, and emotional distress.

34.  Plaintiffs federal constitutional claims are cognizable under 42 U.S,C. 51983.

**WHEREFORE,** Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

a.  Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled.

b.  Compensatory damages against all defendants to which Plaintiff is entitled.

c.  Punitive/Exemplary damages against all defendants to which Plaintiff is entitled

d.  An award of interest, costs, and reasonable Attorney fees

e.  Such other relief as this Honorable Court deems proper and just.

### COUNT-III
### VIOLATION OF DM'S RIGHT TO EQUAL PROTECTION UNDER THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT

35.  Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36.  The Defendants' conduct toward Plaintiff including but not limited to

falsely asserting under oath the Plaintiff had assaulted and battered one Tiffany Williams.

37.    Defendants' actions and/or omissions denied Plaintiff equal protection under the law as Plaintiff suffered injuries as a result of his disparate treatment.

38.    Defendants' actions and/or omissions proximately caused his injuries.

**WHEREFORE,** Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

a.    Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled.

b.    Compensatory damages against all defendants to which Plaintiff is entitled.

c.    Punitive/Exemplary damages against all defendants to which Plaintiff is entitled

d.    An award of interest, costs, and reasonable Attorney fees

e.    Such other relief as this Honorable Court deems proper and just.

## COUNT-IV
## NEGLIGENT INFLICTION OF EMOTION DISTRESS

39.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40.     Defendants and others, engaged in extreme and outrageous conduct by subjecting the Plaintiff to the criminal process without proper proof and without performing a thorough investigation before making false statements under oath.

41.     The extreme and outrageous conduct by Defendants and others as herein alleged, was intentional, and caused the Plaintiff to suffer severe emotional distress.

42.     As a direct and proximate consequence of this extreme and outrageous conduct, Plaintiff suffered severe emotional distress.

43.     As a direct and proximate consequence Defendants actions, Plaintiff suffered damages including, but not limited to, physical and emotional harm, pain and suffering, fear, and emotional distress.

**WHEREFORE**, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

a.     Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled.

b.     Compensatory damages against all defendants to which Plaintiff is entitled.

c.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled

d.     An award of interest, costs, and reasonable Attorney fees

e.       Such other relief as this Honorable Court deems proper and just.

## COUNT-V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.       Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

45.       At all relevant times, Defendants were charged with knowledge of the laws as it pertains to investigations regarding whether a crime had been committed and what evidentiary support is required to prove said crime.

46.       Despite knowledge of the foregoing facts and law, Defendants intentionally, recklessly and/or maliciously engaged in the actions and conduct set forth above.

47.       Defendants' conduct was extreme and outrageous.

48.       As a result of Defendant's extreme and outrageous conduct, Plaintiffs sustained severe emotional distress, as well as the damages set forth herein.

**WHEREFORE**, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

a.       Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled.

b.       Compensatory damages against all defendants to which Plaintiff is entitled.

c.   Punitive/Exemplary damages against all defendants to which Plaintiff

is entitled

d.   An award of interest, costs, and reasonable Attorney fees

e.   Such other relief as this Honorable Court deems proper and just.


Dated: June 21, 2021                    Respectfully Submitted,


                              **MUSSIN & SCANLAND, PLLC**


                    By: /s/JERARD M. SCANLAND_____
                         **JERARD M. SCANLAND (P74992)**
                    Attorney for Plaintiff
                         13351 Reeck Court, Suite 5
                         Southgate, Michigan 48195
                         Phone: (734)-282-6037
                         Fax: (734)-447-5853
                         JScanland@milawoffices.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JERRY L. CUMMINGS,**
                    Plaintiff,                    )
                                                  )
                                                  )   **Case No.: 21**
                                                  )   **Hon.:**
                                                  )
                                                  )
-vs.-                                             )
                                                  )
**CITY OF FLINT,**                                )
**FLINT POLICE**                                  )
**DEPARTMENT,**                                   )
**SERGEANT DOUGLAS**                              )
**SANTIAGO,**                                     )
**Jointly and Severally,**                        )
                    Defendants.

---

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**By: JERARD M. SCANLAND**
**(P74992)**
Attorney for Plaintiff
13351 Reeck Court, Ste. 5
Southgate, MI 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

---

**JURY DEMAND**

   **COMES NOW THE** Plaintiff, **JERRY LEE CUMMINGS,** through is attorneys the law firm of MUSSIN & SCANLAND, PLLC and by his respective attorney and hereby demands a trial by jury.

Dated: June 21, 2021                    Respectfully Submitted,


                    **MUSSIN & SCANLAND, PLLC**


                    By: /s/JERARD M. SCANLAND
                          **JERARD M. SCANLAND (P74992)**
                    Attorney for Plaintiff

13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com